AO 102 (01/09) Application for a Tracking Warrant

# UNITED STATES DISTRICT COURT
for the
District of Colorado

In the Matter of the Tracking of )
*(Identify the person to be tracked or describe* )
*the object or property to be used for tracking)* )
one plain brown box, marked with FedEx label ) Case No. 12-sw-05119-MJW
carrying airway bill number 8713 5856 5250 )
)

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of __21__ U.S.C. § 841, 951, 956 . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location. The application is based on the facts set forth on the attached sheet.

☐ The person, property, or object is located in this district.

☒ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☒ evidence of a crime;

☒ property designed for use, intended for use, or used in committing a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☐ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:

☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

SA Meraly Delucca, HSI
Applicant's printed name and title

Sworn to before me and signed in my presence.

Date: February 14, 2012 At 11:10 Am

City and state: Denver, Colorado

_____
Judge's signature

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

## AFFIDAVIT IN SUPPORT OF ORDER FOR AN ELECTRONIC TRACKING DEVICE

1.  Your Affiant, Meraly Delucca, a Special Agent (SA) with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (hereafter referred to as HSI), being duly sworn, states as follows: Your Affiant is an "investigative or law enforcement officer" within the meaning of Section 2510(7) of Title 18, United States Code, and is authorized by law to conduct investigations and make arrests for offenses in Title 18, United States Code, Section 2516. Your Affiant is a "Federal law enforcement officer" within the meaning of Fed.R.Crim.P. 41(a) (2)(C) and (b).

2.  Your Affiant respectfully submits there is probable cause to believe that a business address of 13900 East Florida Avenue, Unit A, Aurora, Colorado 80012 is being used to facilitate a conspiracy to possess, and import opiates in violation of Title 21 United States Code, 841 (a)(1), and 952

3.  Your Affiant is a Special Agent of the Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI). ICE-HSI is responsible for enforcing federal criminal statutes involving, among other things, the production, smuggling, transportation, sale, and distribution of various narcotics in the United States. I am currently assigned to the Office of the Special Agent in Charge (SAC), Denver, Colorado, Identity & Benefit Fraud/Worksite Enforcement Group (IDBF/WSE) investigating identity theft and benefit fraud violations under Titles 8 and 18 of the United States Code. As an ICE-HSI agent for the SAC Denver office I am authorized to investigate any suspected criminal activity in the United State Code including Title 21. I have been so employed since April 30,

2002. I attended the Federal Law Enforcement Training Center in Glynco, Georgia, where I completed the Criminal Investigator Training Program and the Customs Basic Enforcement School.

4. Your Affiant has also conducted and participated in criminal investigations involving complex criminal networks involved in money laundering, smuggling, and drug trafficking violations. Your Affiant has controlled, used, and debriefed confidential informants concerning controlled substance violations and has conducted consensual monitoring of telephonic and spoken conversations. Your Affiant has received extensive formal and informal training in investigative techniques that involve electronic media and computer investigations, preservation and search and seizure of electronic media as evidence, and has received specialized training in the enforcement of laws concerning wire and electronic communications. Your Affiant is familiar with the methods employed by drug smuggling organizations to conduct their business, including, but not limited to: their methods of importing and distributing narcotics; the transportation routes and means of coordination supply country organizations use to smuggle narcotics across the U.S. border; the methods of laundering the profits derived from the sales of controlled substances; and the use of telephonic devices and other telecommunications methods to conduct drug transactions. Your Affiant has spent considerable time discussing with other agents, who have been involved in numerous narcotics and Title III investigations, the methods of investigating narcotics traffickers, the writing of affidavits for, and the use of electronic tracking devices.

5. Your Affiant is familiar with the facts and circumstances of this investigation as a result of my personal participation in the investigation referred to in this affidavit and information received from confidential informants and other law enforcement agents and officers reports that

your Affiant has reviewed and is familiar. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### FACTS AND BACKGROUND OF THE INVESTIGATION

6. This investigation began when Customs Border Protection Officers (CBP) were conducting inspections of internationally received material at the FedEx Facility in Memphis, Tennessee. The package ("SUBJECT PACKAGE") consists of two plain brown boxes, marked with FedEx labels carrying airway bill numbers 8713 5856 5250 and 8745099421~~1~~0. SUBJECT PACKAGE contains two machine parts weighing approximately 38 kilos gross weight of which 5 kilos is a substance tested to be opiates. The SUBJECT PACKAGE was being sent internationally from "KEMAL" listed at 21/84 Emintasulubatlisan, Istanbul, Turkey 34030 to a business IMPERIAL HOOD with "Mr. AL FARAD" listed as the recipient. The ultimate destination indicated on the airway bill is 13900 E. Florida Avenue. Unit A, in Aurora, Colorado 80012. The parcel description was declared by the sender as, 'CAR ACCESSIUARE'. As described in more detail below, the SUBJECT PACKAGE was intercepted by Customs and Boarder Protection (CBP) Officer Solecki at the Federal Express ("FedEx") facility located within the city of Memphis, Tennessee, and referred to CBP Officer Sharp for intensive examination. Upon opening the SUBJECT PACKAGE CBP Officer Sharp discovered two metal parts that upon x-ray examination revealed anomalies. Subsequently, the machine parts were drilled and a sticky substance which field-tested positive for the properties of opiates was discovered. Opiates is described as a controlled substance as defined in Title 21 of the United States Code. CBP seized the narcotics and contacted ICE-HSI Special Agent Thompson of the Resident Agent in Charge (RAC), Memphis, Tennessee Office and informed him of their

3

discovery. Contact was made with your affiant to determine if a controlled delivery would be performed to the address listed within the ICE-HSI SAC Denver area of responsibility.

## PROBABLE CAUSE

7.  I am currently assigned to the IDBF/WSE Group at the ICE-HSI SAC Denver Office. Among my duties as a member of the IDBF/WSE Group, an enforcement group investigating identity theft and benefit fraud violations I am authorized to investigate any suspected criminal activity of the United State Codes including Title 21. I have conducted various controlled deliveries of stolen and counterfeit identification documents, monies and narcotics throughout the United States and its territories.

8.  Pursuant to their authorities as customs officers under Title 19 of the United States Code, CBP officers may conduct examinations of goods entering the United States without a search warrant, probable cause, or individualized suspicion. ICE-HSI special agents are also granted this same authority, commonly known as "Border Search Authority."

9.  Pursuant to CBP policy, once CBP officers make a discovery of contraband on goods entering the United States, they contact special agents from ICE-HSI. ICE-HSI special agents, in turn, may conduct further investigation on the recipients and senders of the contraband.

10. On February 10, 2012, I was contacted, via telephone, by Keith Hale, Assistant Special Agent in Charge (ASAC) ICE-HSI Memphis, Tennessee. ASAC Hale informed me that Special Agent Thompson had responded to a CBP seizure of Opium at the FedEx Facility in Memphis, Tennessee. CBP discovered the Opium concealed in two machine parts which were inspected as they arrived from Istanbul, Turkey destined for company named IMPERIAL HOOD Mr. AL FARAD the listed recipient located at 13900 East Florida Avenue, Unit A, Aurora, Colorado

80012. The machine parts containing the opiates were contained within the SUBJECT PACKAGE.

11. Subsequently, on the same date, I spoke with ICE-HSI Special Agent Robert Berton, and through my investigation and my review of the CBP report, I learned the following:

12. On February 10, 2012, CBP officers while performing pre-arrival manifest review at the FedEx facility in Memphis, Tennessee selected SUBJECT PACKAGE, bearing airway bill number 8713 5856 5250 and 8745099942110, for an intensive examination.

13. The SUBJECT PACKAGE was being sent to IMPERIAL HOOD with Mr. Al Farad listed as the recipient, located at 13900 East Florida Avenue, Unit A, Aurora, Colorado 80012. This address was the ultimate destination as indicated on the airway bill. The parcel description was declared by the sender as 'CAR AACCESSIUARE'.

14. CBP Officer Sharp seized the FedEx package and its contents, (i.e., the SUBJECT PACKAGE) after the package had been x-rayed, opened and its contents drilled leading to the discovery of the substance testing positive for opiates. CBP Sharp turned the seized items over to ICE-HSI Special Agent Thompson for further investigation. ICE-HSI ASAC Hale then forwarded the SUBJECT PACAGE to ICE-HSI's Denver office for a controlled delivery.

15. The SUBJECT PACKAGE is scheduled to arrive at said office on February 14, 2012.

16. In my training and experience, it is typical for persons to send or receive large amounts of controlled substance by such concealed methods. In my training and experience, possession of such a large amount of imported controlled substance is indicative of a scheme to distribute the controlled substance and launder the proceeds for financial gain.

17. Based on the information that I have learned, and on my training and experience dealing with narcotics smugglers, I plan to cause a controlled delivery of the SUBJECT PACKAGE in the following manner:

18. The machine parts containing approximately 5 kilos of a substance which tested positive for the presence of opiates will be left inside the SUBJECT PACKAGE and treated with "Clue Spray", and invisible ultraviolet marking agent that will mark anyone who touches the parts (visible through use of an ultraviolet light device);

19. A GPS electronic tracking device and the break wire beacon device (an electronic transmitter that notifies investigators when package is moved or open) will be installed inside of the SUBJECT PACKAGE;

20. The SUBJECT PACKAGE will be delivered to the SUBJECT PREMISES located at 13900 East Florida Avenue, Unit A, Aurora, Colorado, 80012.

### NEED FOR THE ELECTRONIC TRACKING DEVICE

21. Your Affiant is aware that smuggled narcotics can be broken down and moved in small packages rapidly and that the SUBJECT PACKAGE will be out of observation and the only method to determine the movement of the SUBJECT PACKAGE or it's being opened for removal of the Controlled substances will be with a position locator relaying direction of travel and a break wire beacon to signal when the SUBJECT PACKAGE is opened.

22. Based on the foregoing, there is probable cause to believe that installation and monitoring of a tracking device placed on the SUBJECT PACKAGE containing the controlled substance will allow law enforcement personnel to follow narcotics into private areas, and will permit the identification of narcotics suppliers, distributors, and stash locations. Based on the foregoing facts, my training and prior experiences, and the experience of other HSI agents as related to me,

there is probable cause to believe that installation and monitoring of a tracking device on the SUSPECT PACKAGE will produce evidence of a crime, namely evidence of violations of federal narcotics laws such as Title 21 U.S.C. Sections 841(a)(1) and (b)(1)(A)(i), and 8952, possession and importation of opiates, as well as assist in their subsequent seizure.

23. Your affiant requests that this order remain in effect until the goals of the investigation are completed or until forty five (45) days from the date of entry of this Order, whichever comes first.

24. Each tracking device will provide significant details to assist your Affiant and investigators in this case in locating, identifying and developing further information and assist in the further identification of co-conspirators within the DTO as well as the subsequent seizure of controlled substances

25. I, Meraly Delucca, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, being duly sworn according to law, hereby state that the facts stated in the foregoing affidavit are true and correct to the best of my knowledge, information and belief.

_____
Meraly Delucca
Homeland Security Investigations
Denver, Colorado

Subscribed and Sworn before me this 14TH day of February, 2012. A+ 11:10 Am

_____
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF COLORADO

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

7